

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL HUMBERTO GARCIA-OCAMPO,<br><br>Defendant. | Cr. No. 99-0606GT<br><br>**ORDER** |

On January 28, 2013, Defendant's, Gabriel Humberto Garcia-Ocampo ("Mr. Garcia"), Motion to Dismiss OSC for lack of jurisdiction came on for hearing before the Court. The Court has fully considered this matter, including a review of the case file, the briefs filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Garcia's Motion to Dismiss is **DENIED**.

## BACKGROUND

**A. Current Proceedings**

On July 1, 2011, Mr. GarciA, filed a Motion to Dismiss the Order to Show Cause arguing that the Court lacked jurisdiction because the delay in executing the warrant was unreasonable. On July 18, 2011, the Court denied Mr. Garcia's motion, stating that the 3 ½ year delay in executing

the warrant was reasonable. Mr. Garcia was sentenced to 21 months imprisonment, 12 months to run consecutive to, and 9 months to run concurrent to, any other sentence he was serving. Mr. Garcia appealed.

On July 26, 2012, the Ninth Circuit reversed and remanded this case back to the district court for further proceedings. Specifically, the Ninth Circuit held that the delay after Mr. Garcia was taken into state custody in 2009 was reasonable. However, the Ninth Circuit stated that the record was unclear whether or not the doctrine of fugitive tolling is applicable for the time period prior to Mr. Garcia's 2009 arrest and his term of supervised release was extended. The Ninth Circuit also stated that this Court failed to state the applicable guidelines or "expressly consider" the § 3553(a) factors.

The Court ordered briefing on the issue of whether or not the fugitive tolling doctrine is applicable for the time period between the possible expiration of Mr. Garcia's term of supervised release, September 7, 2007, and his arrest in 2009. On November 27, 2012, Mr. Garcia filed a new Motion to Dismiss the OSC. The Government filed an opposition. Attached to the opposition are declarations from the probation officers and the marshal assigned to Mr. Garcia's case during the time in question.

**B. Prior Proceedings**

On May 13, 1999, Mr. Garcia, pled guilty to a one count Indictment, charging him with Deported Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b). On August 16, 1999, Mr. Garcia was sentenced to 77 months imprisonment and 3 years supervised release. Mr. Garcia's supervised release commenced on September 7, 2004. The term of supervised release was due to expired on September 7, 2007.

On August 15, 2007, Mr. Garcia was arrested in Chicago for criminal trespass. Probation executed a Petition for Warrant or Summons on August 29, 2007. The Petition alleged two violations of his supervised release: 1) that he was in the country illegally and 2) that he had not reported to his probation officer within 24 hours of his return. The Court signed the no bail bench warrant on September 4, 2007. Subsequently, on September 12, 2007, the criminal trespass charge was stricken off the record and Mr. Garcia was released from Illinois state custody.

On July 23, 2009, Mr. Garcia was arrested in Chicago for armed robbery. He remained in Illinois state custody until he was acquitted of the charge on June 14, 2010. (He was in state custody approximately 11 months while waiting for trial.) He was again released from Illinois state custody and his whereabouts were unknown until he was arrested again on June 30, 2010.

On July 28, 2010 an Indictment was filed in the Northern District of Illinois charging Mr. Garcia with Deported Alien Found in the United States. Mr. Garcia pled guilty to the charge on October 8, 2010. On January 7, 2011, Mr. Garcia was sentenced to 62 months imprisonment and three years supervised release .

## DISCUSSION

The issue in this case is whether or not the fugitive tolling doctrine is applicable to the time period prior to Mr. Garcia's arrest in 2009 and the term of his supervised release was extended. If the fugitive tolling doctrine is applicable, a defendant's term of supervised release is extended as long as he is in "fugitive status." United States v. Watson, 633 F.3d 929, 931 (9th Cir. 2011), United States v. Delamora, 451 F.3d 977, 980 (9th Cir. 2006). "A defendant is in fugitive status when he fails to comply with the terms of his supervised release." Watson, 633 F.3d at 931. The fugitive tolling doctrine prevents a defendant from receiving credit against his term of supervised release for time, when by his own wrongful acts, he is not in compliance with the terms of his supervised release. United States v. Murguia-Oliveros, 421 F. 3d 951, 954 (9th Cir. 2005). "Fugitive tolling begins when the defendant absconds from supervision. . .and ends when federal authorities are capable of resuming supervision." United States v. Ignacio Juarez, 601 F.3d 885, 890 (9th Cir. 2010)(per curiam). Arrest by state authorities does not impute "constructive knowledge to federal authorities" of a defendant's whereabouts, allowing the resumption of supervision. Watson, 633 F.3d at 932.

This case is factually similar to the Murguia-Oliveros case cited above. In Murguia-Oliveros, the defendant was convicted of illegal reentry, was sentenced to custodial time and a term of supervised release. The terms of his supervised release prohibited him from illegally reentering the United States and required him to report to his probation officer within 72 hours of any reentry. After serving his custodial time, he was released and deported. Eventually, the defendant did

reenter the United States during his term of supervised release and failed to contact his probation officer. The Ninth Circuit stated that the defendant was authorized to be outside of the United States. When he entered the United States, where he was not authorized to be, and failed to contact his probation officer, he violated the terms of his supervised release. The Ninth Circuit held that the defendant "became of fugitive because he effectively absconded from serving the terms of his supervised release." Murguia-Oliveros, 421 F.3d at 954.

Like Mr. Murguia, Mr. Garcia was also convicted of illegal entry, sentenced to custodial time and a three year term of supervised release. As conditions of his supervised release, Mr. Garcia was ordered not to commit any further crimes and report to his probation officer within 24 hours of any reentry into the United States. In his plea agreement in his Northern District of Illinois case, Mr. Garcia admitted that he illegally entered the United States "no later than August 15, 2007," which was 22 days before the scheduled expiration of his supervised release. Since Mr. Garcia illegally reentered the United States during the term of his supervised release and failed to report to his probation officer within 24 hours, he failed to comply with the terms of his supervised release and effectively absconded from supervision. Mr. Garcia became a fugitive at this time. *See*, Murguia-Oliveros, 421 F.3d at 954. He remained a fugitive until federal officers were capable of resuming supervision. Ignacio Juarez, 601 F.3d at 890. Mr. Garcia was not in federal custody and federal officers could not resume supervision, until approximately June 30, 2010 when he was arrested in the Northern District of Illinois for being a deported alien found in the United States. Hence, the fugitive tolling doctrine extended Mr. Garcia's term of supervised release until July 22, 2010, 22days after his federal arrest in Illinois.

Mr. Garcia argues that the fugitive tolling doctrine does not apply because the probation officer knew Mr. Garcia's address during the time period in question and "no effort was taken to execute the warrant and no effort was made to supervise" Mr. Garcia. This is incorrect. Soon after the arrest warrant was issued, the assigned probation officer sent information to the US Marshall Office to execute the warrant. Although the probation officer did receive a Chicago Criminal History Report which did list an address for Mr. Garcia at the time of his arrest in 2007, there is no evidence in the record that Mr. Garcia was living there during the time in question. Moreover,

the assigned marshal, Deputy US Marshal Ben Locke ("DUSM Locke"), did not receive this report. When DUSM Locke contacted the Chicago Police department, the arresting officer was unable to provide him with any information, including a home address. From this conversation, DUSM Locke surmised that Mr. Garcia was homeless and that is how his address was listed in the U.S. Marshal's database of fugitive information. DUSM Locke informed the Chicago arresting officer that there was a federal warrant for Mr. Garcia. He also requested that if Mr. Garcia was located, to arrest him on the warrant. DUSM Locke also made several searches of state and federal databases, including social security, in an attempt to locate Mr. Garcia. In short, DUSM Locke made reasonable efforts to locate Mr. Garcia. From the information DUSM Locke received during his inquiries, it appeared that Mr. Garcia was homeless and unable to be found during the time in question. More importantly, like the defendant in Murguia-Oliveros, Mr. Garcia was not authorised to be in the United States and failed to report to the Probation Officer, which violated the conditions of his supervised release. In effect, Mr. Garcia "effectively absconded from serving the terms of his supervised release." Accordingly, the Court finds that Mr. Garcia was a fugitive and the fugitive tolling doctrine applies from at least August 15, 2007 when he entered illegally until his arrest on June 30, 2010.

In summary, the fugitive doctrine applies for the time period from at least August 15, 2077 until his arrest on June 30, 2010. Hence, Mr. Garcia's supervised release term was extended until July 22, 2010. Additionally, the Ninth Circuit held that the delay in executing the warrant after Mr. Garcia was taken into state custody in 2009 was reasonable. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss OSC is **DENIED.**

**IT IS SO ORDERED.**

Jan. 28, 2013
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel